BNDAOV

# U.S. District Court
## Southern District of Florida (Ft Lauderdale)
## CRIMINAL DOCKET FOR CASE #: 0:15−mj−06529−AOV−1
### *Internal Use Only*

Case title: USA v. Livingston

Date Filed: 12/15/2015
Date Terminated: 12/18/2015

Assigned to: Magistrate Judge
Alicia O. Valle

**Defendant (1)**

| | | |
|---|---|---|
| **Timothy Livingston** | represented by | **Kenneth David Padowitz** |
| 11332−104 | | Kenneth Padowitz P.A. |
| *YOB 1985 English* | | 12 SE 7th Street |
| *TERMINATED: 12/18/2015* | | Suite 700 |
| | | Fort Lauderdale, FL 33301 |
| | | 954−761−3888 |
| | | Email: kpadowitz@gmail.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Temporary* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:371.F, 18:1349.F | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Cynthia R. Wood** |
| | | United States Attorney's Office |

99 NE 4 Street
Miami, FL 33132
954–660–5923
Fax: 954 356–7336
Email: cynthia.wood@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/15/2015 | 1 | 4 | Magistrate Removal of Indictment from New Jersey Case number in the other District 15–CR–626–WJM as to Timothy Livingston (1). (dd) (Entered: 12/15/2015) |
| 12/15/2015 | 2 | 30 | ORDER unsealing removal case as to Timothy Livingston Signed by Magistrate Judge Alicia O. Valle on 12/15/2015. (dd) (Entered: 12/15/2015) |
| 12/15/2015 | | 31 | Arrest of Timothy Livingston (dd) (Entered: 12/15/2015) |
| 12/15/2015 | 3 | 32 | Report Commencing Criminal Action as to Timothy Livingston – YOB: **/**/1985 Prisoner #: 11332–104 (dd) (Entered: 12/15/2015) |
| 12/15/2015 | 4 | 33 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Kenneth David Padowitz appearing for Timothy Livingston (dd) (Entered: 12/15/2015) |
| 12/15/2015 | 5 | 34 | Order on Initial Appearance as to Timothy Livingston for proceeding held on 12/15/2015 Detention Hearing set for 12/18/2015 10:00 AM in Fort Lauderdale Division before FTL Duty Magistrate. Removal Hearing set for 12/18/2015 10:00 AM in Fort Lauderdale Division before FTL Duty Magistrate. Signed by Magistrate Judge Alicia O. Valle on 12/15/2015. (dd) (Entered: 12/15/2015) |
| 12/15/2015 | 6 | 35 | Minute Entry for proceedings held before Magistrate Judge Alicia O. Valle: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Timothy Livingston held on 12/15/2015. (Digital 11:3:39) (dd) (Entered: 12/15/2015) |
| 12/17/2015 | 7 | 36 | PAPERLESS NOTICE OF HEARING (PLEASE NOTE TIME CHANGE) as to Timothy Livingston Detention Hearing re–set for 12/18/2015 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate. Removal Hearing set for 12/18/2015 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate. (dd) (Entered: 12/17/2015) |
| 12/18/2015 | 8 | 37 | Minute Entry for proceedings held before Magistrate Judge Alicia O. Valle: Bond Hearing as to Timothy Livingston held on 12/18/2015. Bond set: Timothy Livingston (1) $225,000 CSB. Removal Hearing as to Timothy Livingston held on 12/18/2015. Defendant waives removal. (Digital 11:27:35) (dd) (Entered: 12/18/2015) |

| 12/18/2015 | 9  | 38 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Timothy Livingston (dd) (Entered: 12/18/2015) |
|---|---|---|---|
| 12/18/2015 | 10 | 39 | $225,000 CSB Bond Entered as to Timothy Livingston Approved by Magistrate Judge Alicia O. Valle. *Please see bond image for conditions of release.* (dd) (Entered: 12/18/2015) |
| 12/18/2015 | 11 | 44 | ORDER OF REMOVAL ISSUED to District of New Jersey as to Timothy Livingston Closing Case for Defendant. Signed by Magistrate Judge Alicia O. Valle on 12/18/2015. (dd)<br><br>**NOTICE: If there are sealed documents in this case, they may be unsealed after 1 year or as directed by Court Order, unless they have been designated to be permanently sealed. See Local Rule 5.4 and Administrative Order 2014–69.** (Entered: 12/18/2015) |

2015R00078/DS

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 15- |
| | : | |
| v. | : | 18 U.S.C. § 371 |
| | : | 18 U.S.C. § 1349 |
| √TIMOTHY LIVINGSTON, | : | |
| a/k/a "Mark Loyd," | : | |
| TOMASZ CHMIELARZ, and | : | 15-6529-Valle |
| DEVIN McARTHUR | : | |

## **I N D I C T M E N T**

The Grand Jury in and for the District of New Jersey, sitting at Newark,

charges:

### **COUNT ONE**
### **(Conspiracy to Commit Fraud and Related**
### **Activity in Connection with Computers)**

1.     At all times relevant to this Indictment:

### **Relevant Individuals and Entities**

a.     Defendant TIMOTHY LIVINGSTON, a/k/a "Mark Loyd,"

resided in or around Fort Lauderdale, Florida, and was the sole owner of A Whole

Lot of Nothing LLC ("AWLN"), a company that sent unsolicited emails in bulk (or

"spam") on behalf of its customers for a fee. Defendant LIVINGSTON was the

organizer and leader of the computer hacking and illegal spamming schemes

described herein.

b.     Defendant TOMASZ CHMIELARZ resided in or around Clifton,

New Jersey, and was a computer programmer. Among other things, defendant

CHMIELARZ authored the hacking tools and other programs used to facilitate

the computer hacking and illegal spamming schemes described herein.

c.     Defendant DEVIN McARTHUR resided in or around Ellicott City, Maryland. Among other things, defendant McARTHUR worked at Corporate Victim #4 and used his access to Corporate Victim #4's computer networks to install hacking tools on them in order to facilitate the exfiltration of data from Corporate Victim #4's networks.

d.     "Corporate Victim #1" was a telecommunications company headquartered in New York that, among other things, provided email services to its customers.

e.     "Corporate Victim #2" was a technology and consulting company headquartered in New York.

f.     "Corporate Victim #3" was a company that provided credit monitoring services and was headquartered in Texas.

g.     "Corporate Victim #4" was a telecommunications company headquartered in Pennsylvania.

### Relevant Terms

h.     A "botnet" was a collection of computers infected with malware without the users' authorization and controlled by a hacker using a central "command and control" computer.

i.     An "Internet Protocol address," or "IP address," was a unique numeric address used by a computer on the internet. Every computer connected to the internet was assigned an IP address.

j.     "Proxy servers" were computer systems or applications that acted as intermediaries for requests from computer users seeking resources from

- 2 -

other servers. Proxy servers had a large variety of potential uses, including hiding one's true IP address from others, thereby remaining anonymous, and evading anti-spam filters and other spam-blocking techniques.

      k.    A "remote administration tool" was a piece of software that allowed a remote operator to control a computer system as if he had physical access to that system.

## Overview

2.    From in or about January 2012 through in or about July 2015, defendants LIVINGSTON, CHMIELARZ, and McARTHUR, together with others: (1) hacked into the computer networks of Corporate Victim #3 and Corporate Victim #4 to steal the personally identifiable information ("PII") of tens of millions of individuals; (2) compromised the personal email accounts of numerous individuals, including customers of Corporate Victim #1; (3) compromised a number of websites, including Corporate Victim #2's, in order to use it in their illegal spamming activities; and (4) used stolen PII as well as compromised corporate computer networks and email accounts to send illegal spam on behalf of others for a fee. In total, the scheme generated more than $2 million in illegal profits.

## The Illegal Spamming Infrastructure

3.    Beginning as early as 2011, defendant LIVINGSTON together with others operated AWLN — a business that specialized in sending spam on behalf of its clients. LIVINGSTON's clients included legitimate businesses, such as

– 3 –

insurance companies that wished to send bulk emails to advertise their businesses, as well as illegal entities, such as online pharmacies that sold narcotics without prescriptions. Typically, defendant LIVINGSTON charged between $5 and $9 for each spam email that resulted in a completed transaction for a client.

4.      During the period of the schemes described herein, many internet service providers utilized spam filters designed to prevent spam from reaching their customers' email accounts. Beginning in or about January 2012, however, defendant LIVINGSTON solicited defendant CHMIELARZ to write computer programs to send spam in a manner that would conceal the true origin of the email and bypass spam filters.

5.      Also beginning in or around January 2012, defendants LIVINGSTON and CHMIELARZ started using proxy servers to send out spam messages using botnets to hide the true origin of the spam, help them remain anonymous, and to evade anti-spam filters and other spam blocking techniques. Defendant LIVINGSTON also registered certain websites used in the spam campaigns in the name of his alias, "Mark Lloyd," to avoid detection.

6.      In addition, defendants LIVINGSTON and CHMIELARZ also hacked into the email accounts of individuals and compromised and seized control of the mail servers of certain of the Corporate Victims to further their spam campaigns.

– 4 –

**Corporate Victim #1's Customer Accounts**

7.     For example, defendants LIVINGSTON and CHMIELARZ created custom software designed to hack into the email accounts of Corporate Victim #1's customers (the "Email Account Software"). Once the Email Account Software gained access to a Corporate Victim #1 user's account, it then created sub-accounts on the account and used those sub-accounts to send out spam. To avoid detection, defendants LIVINGSTON and CHMIELARZ programmed the Email Account Software to access the mail server of Corporate Victim #1 through proxy servers to obscure their true identities. In effect, this allowed defendants LIVINGSTON and CHMIELARZ to send out massive amounts of email spam without identifying themselves as the true senders, and instead using Corporate Victim #1's mail servers and Corporate Victim #1's customer accounts.

8.     On or about October 24, 2012, defendant LIVINGSTON sent defendant CHMIELARZ the username and password for several email accounts hosted by Corporate Victim #1 so that defendant CHMIELARZ could use them to test the Email Account Software.

9.     On or about July 23, 2015, law enforcement seized defendant LIVINGSTON's computer (the "Livingston Computer"). A subsequent search of that computer revealed that defendant LIVINGSTON maintained on that computer a list of tens of thousands of usernames and passwords for email accounts hosted by Corporate Victim #1.

- 5 -

**Use of Corporate Victim #2's Website in Furtherance of the Scheme**

10.    Defendants LIVINGSTON and CHMIELARZ also created custom software that leveraged vulnerabilities in the websites of a number of corporations, including Corporate Victim #2 (the "Web Form Software"). The Web Form Software allowed defendants LIVINGSTON and CHMIELARZ to use Corporate Victim #2's email servers to send out spam that appeared to be from Corporate Victim #2. Specifically, the conspirators used the Web Form Software to enter commands into the user submitted forms portion of Corporate Victim #2's websites. Those commands essentially directed Corporate Victim #2's mail servers to send specific spam to individuals as directed by the conspirators; to its recipients, the spam appeared to originate from Corporate Victim #2.

11.    To further avoid detection, defendants LIVINGSTON and CHMIELARZ programmed the Web Form Software to access Corporate Victim #2's networks using proxy servers to obscure their true identities. In effect, this allowed the conspirators to send out massive amounts of spam without identifying themselves as the true senders.

12.    In an online chat dated on or about March 15, 2013, defendants LIVINGSTON and CHMIELARZ discussed creating a modified version of the Web Form Software to target the website of Corporate Victim #2. Subsequently, on or about March 16, 2013, defendant CHMIELARZ sent defendant LIVINGSTON what he purported to be a modified version of the Web Form Software to target the website of Corporate Victim #2. Shortly thereafter, on or about March 22,

– 6 –

2013, Corporate Victim #2 was notified by Google that their mail server had been compromised and was sending out spam.

## The Computer Hacking Victims

13.    Defendants LIVINGSTON, CHMIELARZ, and McARTHUR also worked together to steal the confidential business information of the Corporate Victims, including databases containing the PII of millions of Americans, so that they could use that information in spam campaigns.

**The Compromise of Corporate Victim #3's Network**

14.    In or around May of 2013, defendants LIVINGSTON and CHMIELARZ discussed stealing confidential business information from Corporate Victim #3. Specifically, in an online chat dated on or about May 9, 2013, defendant LIVINGSTON told defendant CHMIELARZ, "here is the site I need scrapped [sic]," and provided defendant CHMIELARZ with an address for Corporate Victim #3's website and the login credentials for an employee of Corporate Victim #3. "Scraping" is a technique employed to extract large amount of data from websites.

15.    Thereafter, in an online chat dated on or about May 10, 2013, defendant LIVINGSTON told defendant CHMIELARZ that the database they were going to steal from Corporate Victim #3 contained approximately 10 million records. Defendant LIVINGSTON subsequently paid defendant CHMIELARZ to write a computer program to steal the database from Corporate Victim #3.

- 7 -

16.    In another online chat dated on or about May 10, 2013, defendant LIVINGSTON told defendant CHMIELARZ that the program he wrote was working and that it had downloaded 200,000 records so far.

**The Compromise of Corporate Victim #4's Network**

17.    From in or about February 2014 through in or about February 2015, defendant McARTHUR was employed as a sales representative at Corporate Victim #4. In a series of online chats dated in or about August 2014, defendants LIVINGSTON, CHMIELARZ, and McARTHUR discussed using defendant McARTHUR's position at Corporate Victim #4 to steal confidential business information from Corporate Victim #4, including the PII of millions of Corporate Victim #4's customers.

18.    On or about August 11, 2014, defendant McARTHUR provided defendant LIVINGSTON with access to a remote administration tool on a computer with access to the computer network of Corporate Victim #4 without authorization from his employer. Thereafter, on or about August 15, 2014, defendant McARTHUR gave defendants LIVINGSTON and CHMIELARZ access to Corporate Victim #4's computer network using the remote administration tool for the purpose of stealing the names, addresses, phone numbers, and email addresses of potential customers, current customers, and former customers of Corporate Victim #4 so that defendants LIVINGSTON, CHMIELARZ, McARTHUR, and others could use that information to send spam to those individuals.

- 8 -

19.     In an online chat dated on or about August 15, 2014, defendant LIVINGSTON told defendant CHMIELARZ that he estimated that Corporate Victim #4's database had records for approximately 50 million people; defendant LIVINGSTON also discussed the technical challenges associated with stealing such a large volume of data from Corporate Victim #4.

20.     On or about August 15, 2014, defendant LIVINGSTON agreed to pay defendant CHMIELARZ to design a computer program to steal the database from Corporate Victim #4 using the remote administration tool that defendant McARTHUR had installed. Also, on or about August 15, 2014, defendant LIVINGSTON provided defendant CHMIELARZ with defendant McARTHUR's network username and password, which allowed defendant CHMIELARZ to access the database of Corporate Victim #4.

21.     In an online chat dated on or about September 3, 2014, defendants LIVINGSTON and McARTHUR discussed the contents of the database that they had stolen from Corporate Victim #4. In that conversation, defendant McARTHUR estimated that they had succeeded in stealing over 24.5 million records from Corporate Victim #4. Defendants LIVINGSTON and McARTHUR further discussed whether they should sell the database, but ultimately agreed to use it first to send out spam.

22.     As referenced in paragraph 9, on or about July 23, 2015, law enforcement seized the Livingston Computer. A subsequent search of that computer revealed that defendant LIVINGSTON retained a portion of the

– 9 –

database stolen from Corporate Victim #4 containing more than approximately 7 million records.

23.     Ultimately, defendants LIVINGSTON, CHMIELARZ and MACARTHUR earned more than $2 million dollars selling spamming services using the means and methods discussed above.

### The Conspiracy

24.     From at least as early as in or about February 2011 through in or about September 2015, in Passaic County, in the District of New Jersey, and elsewhere, defendants

**TIMOTHY LIVINGSTON,**
**a/k/a "Mark Loyd,"**
**TOMASZ CHMIELARZ, and**
**DEVIN McARTHUR**

did knowingly and intentionally conspire and agree with each other and others to commit an offense against the United States, namely, to intentionally access a computer without authorization and to exceed authorized access to a computer, and thereby obtain information from a protected computer for the purposes of commercial advantage and private financial gain, where the value of the information obtained exceeded $5,000, contrary to Title 18, United States Code, Sections 1030(a)(2)(C), 1030(c)(2)(B)(i), and 1030(c)(2)(B)(iii).

### Object of the Conspiracy

25.     The object of the conspiracy was for defendant LIVINGSTON, defendant CHMIELARZ, defendant McARTHUR, and others to enrich themselves

– 10 –

by: (1) hacking into the computer networks of Corporate Victim #3 and Corporate Victim #4 to steal the PII of tens of millions of individuals; (2) compromising the personal email accounts of numerous individuals, including customers of Corporate Victim #1; (3) exploiting a vulnerability in the website of Corporate Victim #2 to use it in their spamming activities; and (4) using the stolen PII as well as the compromised corporate computer networks and email accounts to send illegal spam on behalf of others for a fee.

### Manner and Means of the Conspiracy

26.    It was part of the conspiracy that, at defendant LIVINGSTON's direction, defendant CHMIELARZ wrote computer programs to: (1) steal confidential business information, including PII, from the computer servers of certain of the Corporate Victims; (2) access the email accounts of Corporate Victim #1's customers; (3) take control of the email servers of certain of the Corporate Victims, including Corporate Victim #2; and (4) send spam in a manner that would conceal the true origin of the email and bypass spam filters.

27.    It was further part of the conspiracy that the conspirators used a variety of techniques, including proxy servers, botnets, and fake identities, to avoid detection, conceal their identities, and evade spam filters and similar anti-spam software.

28.    It was further part of the conspiracy that defendant McARTHUR, who was employed by Corporate Victim #4, installed a remote administration tool on a computer with access to Corporate Victim #4's network without

– 11 –

authorization from Corporate Victim #4, and then provided access to Corporate Victim #4's network to defendants LIVINGSTON and CHMIELARZ for the purpose of stealing confidential business information, including the PII of millions of individual victims.

29.    It was further part of the conspiracy that the conspirators sent unlawful spam messages using stolen PII and email servers of certain of the Corporate Victims and the email accounts of Corporate Victim #1's customers.

### Overt Acts

30.    In furtherance of the conspiracy and to effect its unlawful objects, defendant LIVINGSTON, defendant CHMIELARZ, defendant McARTHUR, and others committed and caused to be committed the following overt acts in the District of New Jersey and elsewhere:

a.    On or about September 19, 2012, defendant LIVINGSTON initiated, via an online payment system, a transfer of approximately $1,500 to defendant CHMIELARZ, who logged into his account from an IP Address in New Jersey on that same date.

b.    On or about October 24, 2012, defendant LIVINGSTON sent defendant CHMIELARZ an online message containing the username and password for several email accounts hosted by Corporate Victim #1.

c.    On or about March 15, 2013, defendant LIVINGSTON initiated, via an online payment system, a transfer of approximately $250 to defendant CHMIELARZ, who logged into his account from an IP Address in New

- 12 -

Jersey on that same date.

d. On or about May 10, 2013, defendant LIVINGSTON sent defendant CHMIELARZ an online message stating that a database they were stealing from Corporate Victim #3 contained records for approximately 10 million individuals.

e. On or about May 10, 2013, defendant LIVINGSTON initiated, via an online payment system, a transfer of approximately $400 to defendant CHMIELARZ.

f. On or about August 15, 2014, defendant McARTHUR provided defendants LIVINGSTON and CHMIELARZ access to Corporate Victim #4's computer network using a remote administration tool.

g. On or about August 15, 2014, defendant LIVINGSTON sent defendant CHMIELARZ an online message in which he estimated that Corporate Victim #4's database contained records for approximately 50 million individuals.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (Conspiracy to Commit Wire Fraud)

1.      The allegations contained in paragraphs 1 through 23 of Count One of this Indictment are re-alleged and incorporated as though fully set forth in this paragraph.

2.      From at least as early as in or about January 2012 through in or about July 2015, in Passaic County, in the District of New Jersey, and elsewhere, defendants

**TIMOTHY LIVINGSTON,**
**a/k/a "Mark Loyd,"**
**TOMASZ CHMIELARZ, and**
**DEVIN McARTHUR**

did knowingly and intentionally conspire and agree with each other and others to devise a scheme and artifice to defraud Corporate Victim #3, Corporate Victim #4, and others, and to obtain money and property, including the confidential business information of Corporate Victim #3, Corporate Victim #4, and others, by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing such scheme and artifice to defraud, to transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, contrary to Title 18, United States Code, Section 1343.

### Object of the Conspiracy

3.      The object of the conspiracy was for defendant LIVINGSTON, defendant CHMIELARZ, defendant McARTHUR, and others to enrich themselves

- 14 -

by hacking into the computer networks of Corporate Victim #3 and Corporate Victim #4 to steal the confidential business information of Corporate Victim #3 and Corporate Victim #4, including the PII of tens of millions of their customers.

### Manner and Means of the Conspiracy

4.     It was part of the conspiracy that defendant LIVINGSTON, defendant CHMIELARZ, defendant McARTHUR, and others, employed the manner and means set forth in paragraphs 26 through 29 of Count One of this Indictment.

In violation of Title 18, United States Code, Sections 1349.

– 15 –

**COUNT THREE**
**(Conspiracy to Commit Fraud and Related**
**Activity in Connection with Electronic Mail)**

1.      The allegations contained in paragraphs 1 through 23 of Count One of this Indictment are re-alleged and incorporated as though fully set forth in this paragraph.

2.      From at least as early as in or about January 2012 through in or about July 2015, in Passaic County, in the District of New Jersey, and elsewhere, defendants

**TIMOTHY LIVINGSTON,**
**a/k/a "Mark Loyd," and**
**TOMASZ CHMIELARZ**

did knowingly and intentionally conspire and agree with each other and others to commit offenses against the United States, namely, to knowingly access a protected computer without authorization, and intentionally initiate the transmission of multiple commercial electronic mail messages from and through such computer; to knowingly use a protected computer to relay and retransmit multiple commercial electronic mail messages, with the intent to deceive and mislead recipients, and any Internet access service, as to the origin of such messages; and to knowingly materially falsify header information in multiple commercial electronic mail messages and intentionally initiate the transmission of such messages; and to knowingly register, using information that materially falsifies the identity of the actual registrant, for five or more electronic mail accounts or online user accounts, and two or more domain names, and

– 16 –

intentionally initiate the transmission of multiple commercial electronic mail messages from any combination of such accounts and domain names, contrary to Title 18, United States Code, Sections 1037(a)(1), 1037(a)(2), 1037(a)(3), 1037(a)(4), and 1037(b)(2).

### Object of the Conspiracy

3.      The object of the conspiracy was for defendant LIVINGSTON, defendant CHMIELARZ, defendant McARTHUR, and others to enrich themselves by: (1) compromising the personal email accounts of numerous individuals, including customers of Corporate Victim #1; (2) exploiting a vulnerability in the website of Corporate Victim #2 to use it in their spamming activities; (3) using the stolen PII in conjunction with compromised corporate computer networks and email accounts to send illegal spam on behalf of others for a fee; and (4) employing practices that obscured the true source of the spam emails being sent.

### Manner and Means of the Conspiracy

4.      It was part of the conspiracy that defendant LIVINGSTON, defendant CHMIELARZ, defendant McARTHUR, and others, employed the manner and means set forth in paragraphs 26 through 29 of Count One of this Indictment.

### Overt Acts

5.      In furtherance of the conspiracy and to effect its unlawful objects, defendant LIVINGSTON, defendant CHMIELARZ, defendant McARTHUR, and others committed and caused to be committed the overt acts referenced in paragraph 30 of Count One of this Indictment.

- 17 -

In violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION AS TO COUNT ONE

1.    Upon conviction of the offense of conspiracy to commit computer

fraud, contrary to 18 U.S.C. § 1030, in violation of 18 U.S.C. § 371, as charged in

Count One of this Indictment, defendants

**TIMOTHY LIVINGSTON,**
**a/k/a "Mark Loyd,"**
**TOMASZ CHMIELARZ, and**
**DEVIN McARTHUR**

shall forfeit to the United States:

    a.  pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such conspiracy offense; and

    b.  pursuant to 18 U.S.C. § 1030(i), any personal property that was used or intended to be used to commit or to facilitate the commission of such conspiracy offense.

2.    The property subject to forfeiture includes, but is not limited to, a

sum of money representing the amount of proceeds obtained as a result of the

conspiracy offense charged in Count One, for which the defendants are jointly

and severally liable; and all right, title, and interest of the defendants in the

following property:

    a.  approximately $70,387.99 seized on or about July 27, 2015 from Wells Fargo Bank Account No. ███████9855, held in the name of Timothy Livingston;

    b.  approximately $76,915.48 seized on or about July 27, 2015 from Wells Fargo Bank Account No. ██████9783, held in the name of A Whole Lot of Nothing, LLC;

- 19 -

c. approximately $4,802.40 seized on or about July 27, 2015 from Wells Fargo Bank Account No. ████4593, held in the name of A Whole Lot of Nothing, LLC;

d. approximately $147,547.93 seized on or about July 27, 2015 from Wells Fargo Bank Account No. ████6185, held in the name of Timothy Livingston; and

e. one 2006 Ferrari F430 two-door Spider Convertible, VIN ZFFEW59A660144921, seized on or about July 27, 2015 in Fort Lauderdale, Florida;

f. the contents of Scottrade Account # ████8422 held in the name of Timothy Livingston; and

g. one 2009 Cadillac Escalade SUV, VIN: 1GYFC23299R215132.

## FORFEITURE ALLEGATION AS TO COUNT TWO

1.      Upon conviction of the offense of conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349, as charged in Count Two of this Indictment, defendants

**TIMOTHY LIVINGSTON,**
**a/k/a, "Mark Loyd,"**
**TOMASZ CHMIELARZ, and**
**DEVIN McARTHUR**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the said conspiracy offense, and all property traceable thereto.

2.      The property subject to forfeiture includes, but is not limited to, a sum of money representing the amount of proceeds obtained as a result of the conspiracy offense charged in Count Two, for which the defendants are jointly and severally liable; and all right, title and interest of the defendants in the following property:

    a.  approximately $70,387.99 seized on or about July 27, 2015 from Wells Fargo Bank Account No. ▮▮▮▮9855, held in the name of Timothy Livingston;

    b.  approximately $76,915.48 seized on or about July 27, 2015 from Wells Fargo Bank Account No. ▮▮▮▮9783, held in the name of A Whole Lot of Nothing, LLC;

    c.  approximately $4,802.40 seized on or about July 27, 2015 from Wells Fargo Bank Account No. ▮▮▮▮4593, held in the name of A Whole Lot of Nothing, LLC;

- 21 -

d. approximately $147,547.93 seized on or about July 27, 2015 from Wells Fargo Bank Account No. ████████6185, held in the name of Timothy Livingston;

e. one 2006 Ferrari F430 two-door Spider Convertible, VIN ZFFEW59A660144921, seized on or about July 27, 2015 in Fort Lauderdale, Florida;

f. the contents of the contents of Scottrade Account # ██████8422 held in the name of Timothy Livingston; and

g. one 2009 Cadillac Escalade SUV, VIN: 1GYFC23299R215132.

- 22 -

## FORFEITURE ALLEGATION AS TO COUNT THREE

1.　　Upon conviction of the offense of conspiracy to commit fraud and related activity in connection with electronic mail, contrary to 18 U.S.C. § 1037, in violation of 18 U.S.C. § 371, as charged in Count Three of this Indictment, defendants

**TIMOTHY LIVINGSTON,**
**a/k/a, "Mark Loyd," and**
**TOMASZ CHMIELARZ**

shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 1037(c) and 28 U.S.C. § 2461(c):

    a.　any property, real or personal, constituting or traceable to gross proceeds obtained from such offense; and

    b.　equipment, software, or other technology used or intended to be used to commit or to facilitate the commission of such offense.

2.　　The property subject to forfeiture includes, but is not limited to, a sum of money representing the amount of proceeds obtained as a result of the conspiracy offense charged in Count Three, for which the defendants are jointly and severally liable; and all right, title and interest of the defendants in the following property:

    a.　approximately $70,387.99 seized on or about July 27, 2015 from Wells Fargo Bank Account No. ████9855, held in the name of Timothy Livingston;

    b.　approximately $76,915.48 seized on or about July 27, 2015 from Wells Fargo Bank Account No. ████9783, held in the name of A Whole Lot of Nothing, LLC;

– 23 –

c. approximately $4,802.40 seized on or about July 27, 2015 from Wells Fargo Bank Account No. ████4593, held in the name of A Whole Lot of Nothing, LLC;

d. approximately $147,547.93 seized on or about July 27, 2015 from Wells Fargo Bank Account No. ████6185, held in the name of Timothy Livingston; and

e. one 2006 Ferrari F430 two-door Spider Convertible, VIN ZFFEW59A660144921, seized on or about July 27, 2015 in Fort Lauderdale, Florida;

f. the contents of Scottrade Account # ███8422 held in the name of Timothy Livingston; and

g. one 2009 Cadillac Escalade SUV, VIN: 1GYFC23299R215132.

– 24 –

## SUBSTITUTE ASSETS PROVISION
## (Applicable to All Forfeiture Allegations)

1.     If any of the property described above, as a result of any act or

omission of the defendant(s):

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided
      without difficulty,

the United States shall be entitled, pursuant to 21 U.S.C. § 853(p), as

incorporated by 18 U.S.C. §§ 982(b), 1030(i) and 1037(c)(2), and 28 U.S.C.

§ 2461(c), to forfeiture of any other property of the defendant(s) up to the value of

the above-described forfeitable property.


                                        A TRUE BILL


                                        _____
                                        FOREPERSON


*Paul J. Fishman* emc
PAUL J. FISHMAN
UNITED STATES ATTORNEY

CASE NUMBER: _____

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

TIMOTHY LIVINGSTON,
a/k/a "Mark Loyd,"
TOMASZ CHMIELARZ, and
DEVIN McARTHUR

INDICTMENT FOR
18 U.S.C. § 371
18 U.S.C. § 1349

A True Bill,

_____
Foreperson

PAUL J. FISHMAN
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

DANIEL SHAPIRO
*ASSISTANT U.S. ATTORNEY*
*(973) 353-6087*

USA-48AD 8
(Ed. 1/97)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-6529-VALLE


UNITED STATES OF AMERICA
        Plaintiff

vs

TIMOTHY LIVINGSTON,
             Defendant
_____/

## O R D E R

THIS CAUSE is before the Court for the initial appearance of the above-named

defendant(s) on a SEALED INDICTMENT out of the District of New Jersey.

UPON ORAL motion of the government in open court that the case be unsealed, it

is hereby

ORDERED AND ADJUDGED that the SEALED INDICTMENT out of the District of

New Jersey be unsealed.

DONE AND ORDERED at Fort Lauderdale, Florida this 15$^h$ day of December,

2015.

                                    ALICIA O. VALLE
                                    UNITED STATES MAGISTRATE JUDGE


cc: All Counsel of Record

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Cynthia R. Wood (cynthia.wood@usdoj.gov, doreen.sanabria@usdoj.gov),
Magistrate Judge Alicia O. Valle (valle@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:14584130@flsd.uscourts.gov
Subject:Activity in Case 0:15-mj-06529-AOV USA v. Livingston Arrest
Content-Type: text/html
```

## U.S. District Court

## Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 12/15/2015 at 12:51 PM EST and filed on 12/15/2015

| | |
|---|---|
| **Case Name:** | USA v. Livingston |
| **Case Number:** | <u>0:15–mj–06529–AOV</u> |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Arrest of Timothy Livingston (dd)**

**0:15–mj–06529–AOV–1 Notice has been electronically mailed to:**

Cynthia R. Wood   cynthia.wood@usdoj.gov, Doreen.Sanabria@usdoj.gov

**0:15–mj–06529–AOV–1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

# UNITED STATES DISTRICT COURT
## Southern District of Florida

UNITED STATES OF AMERICA )    Case Number: CR 15 - 6529-Valle
               Plaintiff )

            -vs- )    REPORT COMMENCING CRIMINAL
      Timothy Livingston )    ACTION
               Defendant )    1332104

******************************    USMS NUMBER
**************************************

TO:  Clerk's Office   MIAMI   FT. LAUDERDALE   W.PALM BEACH
      U.S. District Court           FT. PIERCE
                  (circle one of above)
NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
       MAGISTRATES COURT ABOVE.
************************************************************

All items are to be completed.  Information not applicable or
unknown will be indicated "N/A".

(1)  Date and Time of Arrest: 12/15/15 @ 9:30Am    am/pm

(2)  Language Spoken: English

(3)  Offense(s) Charged: Title 18 U.S.C. 371, 1349; Conspiracy to Commit
      Unauthorized Computer access, Wire fraud

(4)  U.S. Citizen [X] Yes    [ ] No  [ ] Unknown

(5)  Date of Birth: 6/7/1985

(6)  Type of Charging Document:  (check one)
      [X] Indictment  [ ] Complaint to be filed/already filed
      Case#_____

      [ ] Bench Warrant for Failure to Appear
      [ ] Probation Violation Warrant
      [ ] Parole Violation Warrant

      Originating District: Southern District of New Jersey

      COPY OF WARRANT LEFT WITH BOOKING OFFICER [X]YES  [ ]NO

Amount of Bond: $_____
Who set Bond: _____

(7)  Remarks: _____

(8)  Date: 12/15/15    (9) Arresting Officer: Sa Stephen Masn

(10) Agency: FBI

                  (11) Phone: 754-703-2000

(12) Comments: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _15 - 6529 viIIe_____

UNITED STATES OF AMERICA,
           Plaintiff,

                              **NOTICE OF TEMPORARY
                              APPEARANCE AS COUNSEL**

v.

_Timothy Livingston_
                 Defendant.

_____/

    COMES NOW ___Kenneth Padowitz_____ and

files this temporary appearance as counsel for the above named defendant(s) at initial appearance.
This appearance is made with the **understanding** that the undersigned counsel will fulfill any
**obligations imposed** by the Court such as **preparing and filing documents** necessary to
collateralize any personal surety bond which may be set.

Counsel's Name (**Printed**): ___Kenneth Padowitz_____

Counsel's Signature: _____

Address (include City/State/Zip Code):

12 SE 7th street
# 700
Fort Lauderdale, Fl 37301

Telephone: _954-761-3888____    Florida Bar Number: __607710___

Date: __1/15/15_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 15-6529-VALLE**

UNITED STATES OF AMERICA
          Plaintiff,

**ORDER ON INITIAL APPEARANCE**

vs.

Language: **English**

AUSA: Cynthia Wood

TIMOTHY LIVINGSTON,
          Defendant.
_____/

The above-named defendant having been arrested on 12/15/2015 and having appeared before the court for initial appearance on 12/15/2015 and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon

    **ORDERED** as follows:

1. _Kenneth Padowitz, Esq. + Jeffrey Cox, Esq._
appeared as permanent/temporary counsel of record.

2. FEDERAL PUBLIC DEFENDER/CJA _____
appointed as counsel of record.
3. **The defendant shall attempt to retain counsel and shall appear before the court at** _____ **on**
_____ **before Duty Magistrate Judge Ftl.**
4. **Arraignment/Preliminary/Removal/Identity** hearing is set for _12/18/15 @ 10:00Am_ **before Duty Magistrate Judge Ftl.**
5. **A Detention/Bond Hearing,** pursuant to 18 U.S.C. Section 3142(f), is set for _12/18/15 @ 10:00Am_
**before Duty Magistrate Judge Ftl.**
6. _____No Bond Hearing Held. Both sides stipulate to a $250,000 CSB w/Nebbia; reserving the right to a
PTD hearing at a later date
_____No Bond Hearing Held. Hearing deferred until arrival in other district.
7. The defendant shall be released from custody upon the posting of the following type of appearance bond,
pursuant to18 U.S.C.3142: _____
The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth
herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various
civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set
forth more fully in the Appearance Bond itself.
8. _____ **Final Revocation Hearing** to be held before the assigned District Judge.

    **DONE AND ORDERED** at Fort Lauderdale, Florida this _15th_ day of _December_ , 20_15_.

_Alicia O. Valle_
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

# COURT MINUTES

## United States Magistrate Judge Alicia O. Valle

Date: 12/15/2015   Time: 11:00am

Defendant: Timothy Livingston (J) ✓   J#: _____   Case #: 15-6529-Valle

AUSA: Cynthia Wood ✓   Attorney: Kenneth Padowitz (temp)

Violation: Removal to the District of New Jersey [18:371; 18:1349]   Jeffrey Cox (temp)

Proceeding: Initial Appearance   CJA Appt: _____

Bond/PTD Held: ◌ Yes ◌ No   Recommended Bond: PTD

Bond Set at: _____   Co-signed by: _____

☐ Surrender and/or do not obtain passports/travel docs

Language: _____

☑ Report to PTS as directed/or _____ x's a week/month by phone: ___ x's a week/month in person

☑ Random urine testing by Pretrial Services _____ Treatment as deemed necessary

☑ Refrain from excessive use of alcohol

☑ Participate in mental health assessment & treatment

☑ Maintain or seek full-time employment/education

☑ No contact with victims/witnesses

☑ No firearms

☑ Not to encumber property

☑ May not visit transportation establishments

☑ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by _____

☑ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☑ Travel extended to: _____

☐ Other: _____

Disposition:
Govt. moves to unseal the Indictment - granted
Deft. advised of charges out of New Jersey

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |
|---|---|---|---|---|
| Report RE Counsel: | | | | |
| PTD/Bond Hearing: | 12/18/15 | 10:00am | Duty (Valle) | FH |
| Prelim/Arraign or Removal: | 12/18/15 | 10:00am | Duty (Valle) | FH |
| Status Conference RE: | | | | |

D.A.R. 11:13:39   Time in Court: 7 min

recalled: 11:46:52
recalled: 12:00:36

Page: 4   35

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Cynthia R. Wood (cynthia.wood@usdoj.gov, doreen.sanabria@usdoj.gov),
Kenneth David Padowitz (kpadowitz@gmail.com), Magistrate Judge Alicia O. Valle
(valle@flsd.uscourts.gov)
--Non Case Participants: United States Pretrial, Probation and PSIunit Office (Court Desk)
(flsp_cd@flsp.uscourts.gov)
--No Notice Sent:

Message-Id:14594452@flsd.uscourts.gov
Subject:Activity in Case 0:15-mj-06529-AOV USA v. Livingston Notice of Hearing
Content-Type: text/html
```

## U.S. District Court

### Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 12/17/2015 at 2:58 PM EST and filed on 12/17/2015

**Case Name:**     USA v. Livingston
**Case Number:**   0:15–mj–06529–AOV
**Filer:**
**Document Number:** 7(No document attached)

**Docket Text:**
 **PAPERLESS NOTICE OF HEARING (PLEASE NOTE TIME CHANGE) as to Timothy Livingston Detention Hearing re–set for 12/18/2015 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate. Removal Hearing set for 12/18/2015 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate. (dd)**

**0:15–mj–06529–AOV–1 Notice has been electronically mailed to:**

Cynthia R. Wood   cynthia.wood@usdoj.gov, Doreen.Sanabria@usdoj.gov

Kenneth David Padowitz   kpadowitz@gmail.com

**0:15–mj–06529–AOV–1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

## COURT MINUTES

## U.S. MAGISTRATE JUDGE ALICIA O. VALLE - FORT LAUDERDALE, FLORIDA

DEFT: TIMOTHY LIVINGSTON (J)#

CASE NO: 15-6529-VALLE

AUSA: Cynthia Wood

ATTY: Kenneth David Padowitz

AGENT:

VIOL:

PROCEEDING: PTD/ REMOVAL HEARING

RECOMMENDED BOND:

BOND HEARING HELD - yes / no

COUNSEL APPOINTED:

BOND SET @: **$225,000 CSB**

To be cosigned by:

- ❑ Do not violate any law.

- ❑ Appear in court as directed.

- ☑ Surrender and / or do not obtain passports / travel documents.

- ☑ Rpt to PTS as directed / of _____ x's a week/month by phone; _____ x's a week/month in person.

- ☑ Random urine testing by Pretrial Services. _____ Treatment as deemed necessary.

- ☑ Maintain or seek full - time employment. **NO SPAM Emails**

- ☑ No contact with victims / witnesses.

- ☑ No firearms.

- ☑ Curfew: **7 PM TO 7 AM**

- ☑ Travel extended to: **SD/FL + NJ**

- ❑ Halfway House _____

**∆— WAIVED REMOVAL HEARING SIGNED WAIVER.**

**BOTH SIDES STIPULATE TO $225,000 CSB**

**COURT ACCEPTS BOND. ORDER OF REMOVAL SIGNED.**

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| INQUIRY RE COUNSEL: | | | | |
| PTD/BOND HEARING: | | | | |
| PRELIM/ARRAIGN. OR REMOVAL: | | | | |
| STATUS CONFERENCE: | | | | |

DATE: 12-18-15   TIME: 10:00am   DAR

Begin: **11:27:35** End: **11:37:5**

**{ 10 Mins }**

# UNITED STATES DISTRICT COURT
## FOR THE

### SOUTHERN DISTRICT OF FLORIDA

Case No: 15-6529-VALLE
Your Case No: 15-CR-626-WJM

**United States of America**

vs

**WAIVER OF REMOVAL HEARING**

**Timothy Livingston,**

I , **Timothy Livingston** charged in a proceeding on a **Indictment filed in the District of New Jersey charged with 18:USC 371 (Conspiracy To Commit Fraud and Related Activity Connected with Computers), 18:USC 1343 (Conspiracy To Commit Wire Fraud), and 18 USC 1037(a)(1) (Conspiracy To Commit Fraud and Related Activity in Connection With Electronic Mail) and** having been arrested in the **Southern District of Florida (Fort Lauderdale)** and taken before **United States Magistrate Judge Alicia O. Valle**, for that district, who informed me of the charge and of my right to retain counsel or request the assignment of counsel if I am unable to retain counsel, and to have a removal hearing or execute a waiver thereof, do hereby waive a hearing before the aforementioned Magistrate Judge and consent to the issuance of a Warrant for my Removal to the **District of New Jersey** where the aforesaid charge is pending against me.

December 18th, 2015

_____
Signature of defendant

Alicia O. Valle
United States Magistrate Judge

cc: All Counsel

38

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO: 15-6529-VALLE

JAIL#11332-104

UNITED STATES OF AMERICA
             Plaintiff,

    vs.

TIMOTHY LIVINGSTON,

           Defendant,

_____

I, TIMOTHY LIVINGSTON and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ *225,000 CSB*

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1.  Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2.  May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court  or the court to which the case has been removed or transferred.  The Southern District of Florida  consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3.  May not change his or her present address as recorded on this bond without prior permission in writing from the court.

4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court.  The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case.  In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. The defendant must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135(a).

6.   Shall not commit any act in violation of state or federal laws.

**PAGE TWO** .

**DEFENDANT: T. LIVINGSTON**
**CASE NUMBER: 15-6529-AOV**

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✔ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case; _____

___ b. Report to Pretrial Services as follows: ( as directed or _____ time(s) a week in person and _____ time(s) a week by telephone;

✔ c. Submit to substance abuse testing and/or treatment;

___ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e. Participate in mental health assessment and/or treatment;

___ f. Participate and undergo a sex offense specific evaluation and treatment;

✔ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

✔ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

✔ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

___ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

✔ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

___ m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the agreement waiver provided to you by Pretrial Services;

✔ n. **HOME CONFINEMENT PROGRAM**  The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which include:

   ✔ **Electronic Monitoring** or other location verification system, paid for by the defendant *based upon his/her ability to pay* ( ) or **paid for by Pretrial Services** ( ).

    **Electronic Monitoring** with Active Global Positioning System (GPS) tracking.

   ✔ **Curfew:** You are restricted to your residence every day from 7 PM to 7 AM, or as directed by the Court.

    **Home Detention:** You are restricted to your residence at all times except for: ( ) **medical needs or treatment,** ( ) **court appearances,** ( ) **attorney visits or court ordered obligations, and ( )other** _____.

___ o. **HALFWAY HOUSE PLACEMENT**  The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program. You are restricted to the halfway house at all times except for: ( ) **employment;** ( ) **education;** ( ) **religious services;** ( ) **medical, substance abuse, or mental health treatment;** ( ) **attorney visits;** ( ) **court appearances;** ( ) **court ordered obligations;** ( ) **reporting to Pretrial Services; and** ( ) **other** _____.

✔ p. May travel to and from: SD|FL AND NJ , and must notify Pretrial Services of travel plans before leaving and upon return.

✔ q. Comply with the following additional conditions of bond: NO EMPLOYMENT ___ WITH SENDING "SPAM" E-MAILS.

(LAND LINE BY DEC 28, 2015)

IF DEFT WANTS TO TRAVEL HAS TO REQUEST PERMISSION FROM PRE-TRIAL SERVICES AND FROM THE COURT. INSTALL LAND-LINE AT HIS HOME (1)

40

WEEK

DEFENDANT: T. LIVINGSTON
CASE NUMBER: 15-6529-AOV

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

> (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
> (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
> (3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
> (4) a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

**PAGE FOUR**

DEFENDANT: T. LIVINGSTON
CASE NUMBER: 15-6529-AOV

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

### SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this Friday, December 18, 2015, at Fort Lauderdale, Florida
Signed and acknowledged before me:

DEFENDANT:(Signature) _____    _Boca Raton, FL_
                                                    City, State

### CORPORATE SURETY

Signed this __18__ day of __DECEMBER__ 2015 at Fort Lauderdale, Florida
SURETY: __BRANDY BAIL BONDS__          AGENT:(Signature) _____
__FORT LAUDERDALE, FLORIDA__           PRINT NAME: __MARK S. NEDELSKY__
City, State

### INDIVIDUAL SURETIES

| | |
|---|---|
| Signed this ____day of_____, 2015 at Fort Lauderdale, FL<br><br>SURETY:(Signature)_____<br><br>PRINT NAME:_____<br><br>RELATIONSHIP TO DEFT:_____<br>_____<br>City, State | Signed this ____day of_____, 2015 at Fort Lauderdale, FL<br><br>SURETY:(Signature)_____<br><br>PRINT NAME:_____<br><br>RELATIONSHIP TO DEFT:_____<br>_____<br>City, State |
| Signed this ____day of_____, 2015 at Fort Lauderdale, FL<br><br>SURETY:(Signature)_____<br><br>PRINT NAME:_____<br><br>RELATIONSHIP TO DEFT:_____<br>_____<br>City, State | Signed this ____day of_____, 2015 at Fort Lauderdale, FL<br><br>SURETY:(Signature)_____<br><br>PRINT NAME:_____<br><br>RELATIONSHIP TO DEFT:_____<br>_____<br>City, State |

### APPROVAL BY COURT

Date: ___12-18-15___

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

WARNING: THIS FORM CONTAINS "UV" FIBERS, MICROPRINT SIGNATURE LINES, BLUE BACKGROUND AND A SECURITY VOID BACKGROUND PATTERN

# Accredited

ACCREDITED SURETY AND CASUALTY COMPANY, INC
4798 New Broad Street, Suite 200 • Orlando, FL 32814 • 800-432-2799 • www.accredited-inc.com

| POWER NUMBER | AF250-00783163 |
| POWER LIMIT | $250,000.00 |

**THIS POWER EXPIRES IF NOT USED BY:** December 31, 2015

KNOW ALL MEN BY THESE PRESENTS that ACCREDITED SURETY AND CASUALTY COMPANY, INC., a corporation duly organized and existing under the laws of the State of Florida and by the authority of a resolution adopted by the Board of Directors does hereby make, constitute and appoint the named agent its true and lawful Attorney-in-Fact for it and in its name, place and stead, to execute, seal and deliver for and on its behalf and as its act and deed, as surety, **a bail bond only.** Authority of such Attorney-in-Fact is limited to appearance bonds only and cannot be construed to guarantee defendant's future and lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance.

**This Power of Attorney is for use with a Bail Bond only. Not valid if used in connection with State or Immigration Bonds. A separate Power of Attorney must be attached to each bond executed. This power is void if altered or erased, if used with other powers of this company or in combination with powers from any other surety company, or if used to furnish bail in excess of the stated face amount of this power. This Power of Attorney must be filed with the bond and retained as a part of the court records. The said Attorney-in-Fact is hereby authorized to insert in the Power of Attorney the name of the person on whose behalf this bond was given.**

**THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF: TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS**

Date Executed MONTH _DECEMBER_ DAY _18_ YEAR 20_15_

Bond Amount _225,000._ Gross Premium Charged _____

Defendant _TIMOTHY LIVINGSTON_

DOB _____ SS# (If Required) _____

Appearance Date & Time _____

State _FLORIDA_ City _FORT LAUDERDALE_

County _FEDERAL_ Court _US SOUTHERN DISTRICT, FLA_

Case # _15-6529 AOV_

Offense _FRAUD WITH COMPUTERS_

Agent Signature _Mark Slusky_

Agent Name (Printed) _MARK S. NEDELISKY_ Lic # A180055

Agent License No. _____

IN WITNESS WHEREOF said ACCREDITED SURETY AND CASUALTY COMPANY, INC. by virtue of authority conferred by its Board of Directors, has caused these presents to be sealed with its corporate seal, signed by its President, on this 20th day of November, 2013.

_Deborah Snow_
Deborah Snow, President

(CORPORATE SEAL - ACCREDITED SURETY AND CASUALTY COMPANY, INC. 1971 "FLORIDA")

**FOR FEDERAL USE ONLY**
**NOT VALID FOR IMMIGRATION OR STATE BONDS**

**FEDERAL COURT COPY - ORIGINAL**
FED 001 (1/14)

43

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-6529-VALLE

UNITED STATES OF AMERICA

vs                                    ORDER OF REMOVAL

TIMOTHY LIVINGSTON

It appearing that in the **District of New Jersey an Indictment** was filed against the above-named defendant , that the defendant was arrested in the Southern District of Florida and was given a hearing before a United States Magistrate Judge at Fort Lauderdale, Florida, which official committed the defendant for removal to the **District of New Jersey**.

it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge for removal and posted bail in the amount of $225,000 **Personal/Corporate Surety** Bond which was approved by the United States Magistrate Judge, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bail bond furnished by the defendant, and it is further

ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Fort Lauderdale, Florida this 18th day of DECEMBER, 2015.

_____
ALICIA O. VALLE
U.S. MAGISTRATE JUDGE

cc: Miami, Financial